IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK HUDSON, on behalf of himself and other persons similarly situated, ) ) ) Plaintiff, ) ) v. ) ) RALPH LAUREN CORPORATION, ) RALPH LAUREN RETAIL, INC., and ) VIBES MEDIA, LLC, ) ) Defendants. ) | Civil Action No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Ralph Lauren Corporation, Ralph Lauren Retail, Inc., and Vibes Media, LLC, hereby remove this action, entitled *Patrick Hudson v. Ralph Lauren Corporation, et al.*, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

## INTRODUCTION

As set forth below, this case is properly removed pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over claims arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* Removal is also proper because this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), in that this case is a civil action in which the Plaintiff alleges that the amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, the alleged class has more than 100 members in the proposed putative class, and is between citizens of different states.

By filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objection as to venue, the legal sufficiency of the claims alleged in this case, and all other defenses. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit. Defendants reserve the right to supplement and amend this Notice of Removal.

## BACKGROUND

On or about May 31, 2018, Plaintiff Patrick Hudson commenced an action in the Circuit Court of Cook County, Illinois against Defendants. Plaintiff's Complaint seeks redress against Defendants for injuries that Plaintiff and other members of the proposed putative class allegedly suffered as a result of violations of the TCPA, 47 U.S.C. § 227 *et seq*.

Plaintiff served Defendants Ralph Lauren Corporation and Ralph Lauren Retail, Inc. on June 4, 2018. Plaintiff served Defendant Vibes Media, LLC on June 12, 2018. True and correct copies of the Summons and Complaint are attached as Exhibit A and incorporated by reference. Defendants have not filed an answer or responsive pleading to the Complaint.

**I.     JURISDICTION**

    **A.     This Court Has Jurisdiction Under the TCPA.**

Federal courts have federal-question jurisdiction over private lawsuits alleging violations of the TCPA. 47 U.S.C. § 227(b)(3); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012). "Because federal law gives rise to the claim for relief [Plaintiff] has stated and specifies the substantive rules of decision," this Court has subject-matter jurisdiction for Plaintiff's claims. *Id*. at 387.

    **B.     This Court Has Jurisdiction Under CAFA.**

CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in

which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant" and that involve a putative class that consists of more than 100 members. 28 U.S.C. § 1332(d)(2), (d)(5). All of these requirements are met here.

### 1. Minimal Diversity Exists.

CAFA requires only minimal diversity, and in class action lawsuits, "[t]he district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Diversity of citizenship exists here.

For the purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is organized and (2) the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Ralph Lauren Corporation is a corporation organized under the laws of Delaware with its principal place of business in New York, and thus, is a citizen of Delaware and New York. Plaintiff also alleges that Defendant Vibes Media has its principal place of business in Illinois.

Plaintiff does not allege his citizenship in the complaint. Instead, the putative class named in the Complaint includes "all similarly situated individuals who received text messages more than the quantity they consented to receive from Defendants and who received text messages that did not include required opt-out instructions." Compl. ¶ XXII. This class is more inclusive than merely citizens of Illinois, and Plaintiff "didn't submit any evidence about citizenship." *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010).

Moreover, because this class relies on mobile devices for receipt of the text messages, the range of potential citizens is particularly broad, as mobile phones are not confined to a fixed location. Persons who have subscribed to Defendants' text messages in the time period described

3

in the Complaint must include citizens from all across the United States, not only the states of Illinois, New York, and Delaware.

Accordingly, the minimal diversity requirement is satisfied because a plaintiff and a defendant are citizens of different states and the putative class is certain to include plaintiffs who are citizens of states other than Illinois, New York, and Delaware.

### 2. The Home-State Exception Does Not Apply.

The home-state exception requires federal courts to remand class action cases to state court where greater than two-thirds of the prospective class members are citizens of the state where the action was filed. 28 U.S.C. § 1332(d)(4)(A)(i); *Sprint Nextel*, 593 F.3d at 673. "[T]he plaintiff has the burden of persuasion on the question whether the home-state or local controversy exceptions apply[.]" *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006). The exception is a narrow one, particularly in light of the purposes of CAFA, which "is intended to expand substantially federal court jurisdiction over class actions." *Id.* (quoting S. Rep. 14, 109th Cong. 1st Sess. 43 (2005), 2005 U.S.C.C.A.N. 3, 41).

The home-state exception does not apply here because the putative class includes plaintiffs that are citizens of many states across the country, not only citizens of Illinois.

Defendant Ralph Lauren Corporation is a clothing and apparel store with locations nationwide and has an online sales presence that allows citizens of any state to purchase its products. Therefore, consumers that subscribe to Defendants' text messages inherently are citizens of numerous states.

The Seventh Circuit has concluded that "a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses." *Sprint Nextel*, 593 F.3d at 674. Indeed, the court noted that the broad description of the class

4

encompasses "out-of-state businesses[,] . . . residents who don't intend to stay indefinitely[,] [o]r . . . nondomiciliary residents [who] use text messaging [more] than their domiciled neighbors." *Id*.

Similarly, Plaintiff's use of "all similarly situated individuals" to define the putative class is broad enough so that it would not be reasonable to conclude that two-thirds of the plaintiffs would be citizens of Illinois. Likewise, the broad description of the class is likely to encompass "out-of-state businesses[,] . . . residents who don't intend to stay indefinitely[,] [o]r . . . nondomiciliary residents [who] use text messaging [more] than their domiciled neighbors." *Id*. Indeed, Plaintiff asserts that the putative class includes the owners of "thousands of individuals' cellular telephones nationwide." Compl. ¶ XXI. In any event, the burden rests with Plaintiff to establish that two-thirds of the plaintiffs are citizens of Illinois.

Thus, the home-state exception should not apply, and this Court should retain jurisdiction.

### 3. The Amount in Controversy Exceeds $5,000,000.

CAFA's amount-in-controversy requirement is satisfied as well. For jurisdiction to exist under CAFA, "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2).

"In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy [meets the] $5,000,000" threshold. 28 U.S.C. § 1332(d)(6). The party seeking federal jurisdiction must establish that the amount in controversy exceeds that threshold. *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id*.

Plaintiff, on behalf of a putative class, seeks, *inter alia*, statutory damages for negligent and knowing or willful violations of the TCPA. Compl. ¶ XXIII. Under the TCPA, a plaintiff who establishes liability is entitled to recover up to $1,500 for each knowing and/or willful violation. 47 U.S.C. § 227(b)(3)(C). Based on the Complaint, Plaintiff personally alleges at least

5

thirty-two separate violations of the TCPA. Compl. ¶ V. Therefore, Plaintiff's own amount in controversy totals at least $48,000.

Plaintiff asserts that his claims are "are common and typical of the claims of the similarly situated consumers." *Id.* ¶ XXII. If, as Plaintiff alleges in his complaint, the member class includes "thousands of individuals nationwide," *id.* ¶ XXI, a low estimate of the class size is 2,000 putative class members. Therefore, damages of at least $48,000 for at least 2,000 members would put at least $96,000,000 in controversy. This figure far exceeds the threshold required for CAFA.

### 4. The Putative Class Exceeds 100 Members.

CAFA requires a putative class to comprise more than 100 members. 28 U.S.C. § 1332(d)(5). Plaintiff alleges that "[t]he number of similarly situated consumers is so numerous that joinder is impracticable;" Compl. ¶ XXII, and that the class includes "thousands of [] cellular telephone [owners] nationwide." Compl. ¶ XXI.

As the Complaint clearly pleads more than 100 individuals fall within the putative class, this requirement is satisfied.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

This Court is the proper venue for removal because this case is pending in Cook County, Illinois, and the United States District Court for the Northern District of Illinois is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Defendants timely filed this Notice of Removal. Defendants were served with the Complaint on June 4 and 12, 2018. Defendant filed this Notice of Removal within 30 days of being served the Complaint, and thus, this Notice is timely. 28 U.S.C. §§ 1446(b), 1453(b).

**III.     STATE COURT PLEADINGS AND NOTICE**

Pursuant to 28 U.S.C. § 1446(a), copies of the current State Case docket sheet, each pending motion, petition, and related response, reply, and brief (none are pending), and all process, pleadings, and orders served upon Defendants in the State Case are attached hereto as Exhibit B.

Pursuant to 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice to all parties and a copy of this Notice will be filed with the Circuit Court of Cook County, Illinois.

**CONCLUSION**

Wherefore, Defendants request that the action now pending before the Circuit Court of Cook County, Illinois, Case No. 2018-CH-06906, be removed to this Court.

Dated: July 3, 2018

HARRIS, WILTSHIRE & GRANNIS LLP

By: /s/ Jennifer Bagg

Jennifer Bagg[1]
Amy E. Richardson
1919 M Street, NW, 8th Floor
Washington, D.C. 20037
Telephone: (202) 730-1322
Facsimile: (202) 730-1301
jbagg@hwglaw.com
arichardson@hwglaw.com

*Counsel for Defendant Vibes Media, LLC*

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/ George J. Tzanetopoulos

George J. Tzanetopoulos
Suzanne Alton de Eraso
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile:  (312) 416-6201
gtzanetopoulos@bakerlaw.com
saltondeeraso@bakerlaw.com

*Attorneys for Defendants
Ralph Lauren Corporation and
Ralph Lauren Retail, Inc.*

---

[1] Ms. Bagg and Ms. Richardson are not yet admitted to the Court, but they will file pro hac motions shortly after this Notice of Removal.

## CERTIFICATE OF SERVICE

I, George J. Tzanetopoulos, an attorney, hereby certify that on July 3, 2018, I served the foregoing by first class U.S. Mail and electronic mail to the following counsel:

> William H. Beaumont
> Beaumont Costales LLC
> 3151 West 26th Street, 2nd Floor
> Chicago, Illinois 60623
> whb@beaumontcostales.com
>
> Jennifer Bagg
> Amy E. Richardson
> 1919 M Street, NW, 8th Floor
> Washington, D.C. 20037
> jbagg@hwglaw.com
> arichardson@hwglaw.com

/s/ *George J. Tzanetopoulos*