**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PATRICK HUDSON, on behalf of himself and other persons similarly situated, | CIVIL ACTION NO 18-04620 |
| Plaintiff, | JUDGE |
| v. | SARAH L. ELLIS |
| RALPH LAUREN CORPORATION, RALPH LAUREN RETAIL, INC., and VIBES MEDIA, LLC, | MAG. JUDGE MARY M. ROWLAND |
| Defendants. | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Patrick Hudson brings his first amended class action complaint and demand for jury trial against Ralph Lauren Corporation, Ralph Lauren Retail, Inc., and Vibes Media, LLC ("Defendants") to stop their practice of sending unwanted text messages to the cellular telephones of consumers, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      Defendants Ralph Lauren Corporation and Ralph Lauren Retail, Inc. ("Ralph Lauren") are corporate entities behind the popular Ralph Lauren retail and clothing brand.

2.      Defendant Vibes Media, LLC ("Vibes") is a marketing company that helps many preeminent brands reach consumers through their mobile devices.

3.      Defendants' promotional campaigns invite thousands of consumers nationwide to receive offers and advertisements on their cellular telephones.

4.      To receive these offers, consumers must agree to receive a limited number of automated text messages each month.

5. Defendants take advantage of the goodwill of consumers by sending them thousands of text messages *in excess* of the limited consent they obtain.

6. As a result, Defendants repeatedly violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7. Defendants also violate the TCPA by sending thousands of text messages to consumers without instructions on how to stop receiving their advertisements.

8. The TCPA was enacted to protect consumers from excessive, unwanted nuisance calls, exactly like the messages alleged in this complaint. Defendants send these superfluous text messages despite the fact that neither Plaintiff or the other members of the putative Class (defined below) provide prior express consent to receive them.[1]

9. As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Defendants to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

10. Plaintiff is a natural person and resident of the State of Louisiana.

11. Defendants are for-profit corporations licensed to do and doing business in Illinois.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under 47 U.S.C. § 227, *et seq*. (TCPA).

---

[1] Assuming *arguendo* that prior consent were obtained, Defendants stifle attempts to revoke that consent by sending consumers text messages without opt-out instructions for up to several months at a time.

13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because Defendant Vibes Media, LLC is incorporated and has its principal office in Cook County, Illinois,

## FACTUAL ALLEGATIONS

14.     On or about May 17, 2015, Defendants sent the following verbatim text message to Plaintiff Patrick Hudson at his cellular telephone number ending in "-0928" ("0928 number"):

> PoloFactoryStores: Reply Y to get automated offers & ads. Consent is not a condition of purchase. Up to 6 alert msgs/mo.Msg&DataRatesMayApply.Rply STOP to end.

15.     Plaintiff replied by texting "Y" to the above text message thereby providing Defendants consent to send him a *maximum* of six text messages each month.

16.     After May 17, 2015, Defendants sent Plaintiff at least thirty-two text messages at his 0928 number *in excess* of the six messages per month that he consented to receive.

17.     In July of 2016, Defendants sent ten text messages to the 0928 number.

18.     In August of 2016, Defendants sent seven text messages to the 0928 number.

19.     In February of 2017, Defendants sent seven text messages to the 0928 number.

20.     In March of 2017, Defendants sent eleven text messages to the 0928 number.

21.     In April of 2017, Defendants sent ten text messages to the 0928 number.

22.     In June of 2017, Defendants sent eight text messages to the 0928 number.

23.     In July of 2017, Defendants sent eight text messages to the 0928 number.

24.     In September of 2017, Defendants sent seven text messages to the 0928 number.

25.     In November of 2017, Defendants sent ten text messages to the 0928 number.

26.     In December of 2017, Defendants sent ten text messages to the 0928 number.

27.     In January of 2018, Defendants sent ten text messages to the 0928 number.

28.     Plaintiff never provided prior express consent, written or otherwise, to receive more than six messages per month from Defendants.

29.     From the approximately 188 text messages sent to the 0928 number, 80% were sent without instructions on how to stop receiving Ralph Lauren's advertisements.

30.     Every text message that failed to include such instructions unambiguously encouraged the purchase and/or advertised the commercial availability of Ralph Lauren's products.

31.     In fact, all of the above-described text messages contained generic marketing solicitations regarding Ralph Lauren's consumer products, including the following messages:

32.     On March 28, 2017, at approximately 11:10 a.m. Central Standard Time (CST), "PoloFactoryStores: Transition into warm weather with our new spring outerwear, knits, and denim. Plus, a special offer just for you: http://vbs.cm/D2QDCN";

33.     On April 5, 2017, at approximately 11:04 a.m. CST, "PoloFactoryStores: Plan your entire weekend around our new Polo shirts, shorts, and accessories. Shop them now with this special offer: http://vbs.cm/P2DEew";

34.     On April 14, 2017, at approximately 12:15 a.m. CST, "PoloFactoryStores: Bring home the iconic Polo Bear with our new series of limited-edition tees. Click here to view this month's favorite: http://vbs.cm/r2AIZZ";

35.     On June 2, 2017, at approximately 9:07 a.m. CST,

4

"PoloFactoryStores: On sale now for a limited time: men's and women's shorts! Plus, don't forget your special offer: http://vbs.cm/O23UNU".

36.     None of these generic advertisements addressed Plaintiff by name, and they were all sent from Defendants' 5-digit short message service ("SMS") code "894-48".

37.     The equipment used by Defendants to send the text messages qualifies as an automatic telephone dialing system ("ATDS"). Specifically, Defendants used equipment with the ability to store or produce cellular telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

38.     Defendants' use of an ATDS is supported by the high volume of text messages, the generic and impersonal nature of the messages, and Defendants' use of an SMS code.

39.     Defendants used an ATDS to send the exact same (or substantially similar) text messages to Plaintiff and all other members of the putative Class.

40.     Class members agreed to receive a limited number of text messages each month from Defendants but then received text messages in excess of the stated limit without their prior express consent.

41.     Class members also received telemarketing and/or advertising text messages that did not include instructions on how to stop receiving Ralph Lauren's advertisements.

42.     Plaintiff and Class members suffered injuries in the form of invasion of privacy, aggravation, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted

5

text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones. Plaintiff and Class members were also harmed by the aggravation, inconvenience and confusion attendant to receiving text messages that are not accompanied by opt-out instructions.

43.     The text messages alleged herein were exclusively made by, or on behalf of Defendants.

44.     Ralph Lauren enlisted Vibes to create a customized software platform and text campaign in order to initiate thousands of text messages to consumers nationwide.

45.     Vibes was significantly involved in the development and implementation of the content and technology used in the Ralph Lauren text advertising campaign at issue in this case.

46.     Defendants were and are aware that they were making the above-described text message calls on a widespread basis to consumers who had not provided prior express consent to receive them and without the required opt-out instructions.

## CLASS ACTION ALLEGATIONS

47.     **Class Definitions:** Plaintiff Patrick Hudson brings this action on behalf of himself and a class defined as follows:

> **Class:** All individuals in the United States whose cellular telephone number Defendants, or someone on Defendants' behalf, received text messages in connection with Defendants' text message advertising campaigns.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest

6

and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

48.    **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have sent text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendants' records.

49.    **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)    Whether Defendants' conduct violated the TCPA;

(b)    Whether Defendants sent text messages using an ATDS, as contemplated by the TCPA and its implementing regulations;

(c)    Whether Defendants sent text messages without prior express consent to Class members that exceeded the stated monthly number they agreed to receive;

(d)    Whether Defendants sent telemarketing and/or advertising text messages to Class members that did not include automated opt-out instructions; and

(e)    Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

50.    **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text message calls.

51.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendants' conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

52.    **Appropriateness:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual

members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

53.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

### CAUSE OF ACTION
### (Willful and Knowing Violation of 47 U.S.C. § 227, et seq. – Telephone Consumer Protection Act)
### (on behalf of Plaintiff and the Class)

54.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55.     Defendants made unwanted text message calls to Plaintiff and the Class members' cellular telephones without their prior express consent.

56.     Defendants sent these text messages to Plaintiff and the Class' cellular telephone numbers using equipment with the ability to store or produce cellular telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

57.     The equipment used by Defendants to send text messages to Plaintiff and Class' cellular telephone numbers qualifies as an ATDS as defined by 47 C.F.R. § 64.1200(f)(2) and 47 U.S.C. § 227(a)(1).

58.     By sending the text messages to Plaintiff and members of the Class' cellular

telephones without prior express consent using an ATDS, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

59.     Defendants also violated 47 U.S.C. § 227(c)(1) and 47 C.F.R. § 64.1200(b)(3) by failing to provide instructions for making a do-not-call request in *each* telemarketing and/or advertising message sent to Plaintiff and Class' cellular telephones.

60.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and also have had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B) and § 227(c)(5)(B).

61.     Because Defendants' misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3) and § 227(c)(5), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

62.     Alternatively, because Defendants' misconduct was negligent, the Court should, pursuant to 47 U.S.C. § 227(b)(3) and § 227(c)(5), award statutory damages recoverable by Plaintiff and the other members of the putative Class.

63.     Additionally, as a result of Defendants' unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) and § 227(c)(5)(A) to ensure that Defendants' violations of the TCPA do not continue into the future.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Patrick Hudson, individually and on behalf of the Class, prays for the following relief:

(a)     An order certifying this case as a class action, appointing Plaintiff Patrick Hudson as Class Representative and his attorneys as Class Counsel;

(b)     Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendants willfully violated the TCPA;

(c)      An order declaring that Defendants' actions, as set out above, violate the TCPA;

(d)     A declaratory judgment that Defendants' telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

(e)     An order requiring Defendants to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f)     An injunction requiring Defendants to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g)     Award Plaintiff and the class all expenses of this action, and requiring Defendants to pay the costs and expenses of class notice and claims administration;

(h)     Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

[SIGNATURE BLOCK ON THE FOLLOWING PAGE.]

11

*Respectfully submitted:*

*/s/ Jonathan Mille Kirkland*

_____
Roberto Luis Costales
William H. Beaumont
Emily A. Westermeier
Jonathan Mille Kirkland
BEAUMONT COSTALES LLC
3151 W. 26th Street, Second Floor
Chicago, Illinois 60623
Telephone: (773) 831-8000
*jmk@beaumontcostales*.com
*Attorneys for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 19, 2018, I served a copy of the foregoing on counsel for Defendants via the Court's CM/ECF system.

*/s/ Jonathan Mille Kirkland*

12